### Nancy McLain vs. Jesse Thompson.

1. Vendor's Lien:  *Substitution.    Case in judgment.*
    W. and wife sold a lot of ground to T., but made no deed.    Shortly afterwards T.
    sold the same land to M.    Part of the purchase money was paid down and M.
    executed his note for the balance.    At the request of M. the deed was made
    to his wife directly from W. and wife.    M. died leaving a balance due on his
    note.    His widow, upon the representation of T. that the land was charged
    with the vendor's lien for the balance of the purchase money due, took up her
    husband's note and substituted her own.    This note being past due, T. filed his
    bill against Mrs. M., claiming a vendor's lien on the land.    *Held,* that T. was
    the real vendor; that Mrs. M. was but a recipient of the title as a volunteer
    and does not hold as a *bona fide* purchaser; that she sustains by substitution
    the same relation to T. that her husband assumed by the purchase, and has no
    better equity against the demand of T. than her husband would have had if
    the conveyance had been made to him.

APPEAL from the Chancery Court of *Lincoln* County.

Hon. JOHN B. DEASON, Chancellor.

A full statement of the material facts in this case will be found in the opinion of the court.

The error assigned is that the chancery court decreed a lien on the land in favor of appellee, and decreed the enforcement thereof.

*Cassidy & Stockdale* for appellant :

1. Thompson held the note of McLain, which gave him an implied equity as vendor. Mrs. McLain gave her note to Thompson and took up her husband's note, which operated as a lien. Did not Thompson transfer the lien to Mrs. McLain, and release to her the lien he held on the land? The nature of the transaction shows such transfer, and she thereby became the beneficial owner of the debt and the lien against the estate of her deceased husband. Pitts *v.* Parker, 44 Miss., 253 ; Lindsey *v.* Bates, 42 ib., 401 ; Briggs *v.* Hill, 6 How., 365 ; Scraggs *v.* Nelson, 25 Miss., 94.

The equity of the vendor does not subsist when the relation of creditor is gone. Patterson *v.* Edwards, 29 Miss., 71, 72 ; Campbell *v.* Henry, 45 ib., 329.

2. Complainant has no other lien.

The recitals in the deed do not reserve an express lien ; if so, there are no implied liens. But even in that view, as an express lien, complainant, having transferred the note described in the deed, passes thereby the right to enforce the equitable mortgage to his assignee, and puts himself out of court by that construction.

" We are thus driven to the general parol agreement, which it is said was made, that complainant should have a lien on the land for the purchase money. To give effect to such a ground would violate the whole spirit of the statute of frauds, and introduce the very evils it was intended to guard against." Skaggs *v.* Nelson, 25 Miss., 94.

*Chrisman & Thompson* for appellee :

It is assumed that Thompson lost his lien on the land when

he surrendered the note of William McLain and took the note of Mrs. McLain. The sworn answer of Mrs. McLain to the bill, as well as the testimony of Thompson, contradicts such assumption. She says in her testimony that there was *no consideration for her note whatever*, and Thompson says the note was a mere memorandum, and was not received as a payment of his debt for the purchase money, and the debt for the purchase money has not been surrendered.

It is to all intents and purposes the *same debt*, with the additional security of Mrs. McLain's note and promise to pay it, with the express understanding as in Fonda *v.* Jones, 42 Miss., 792.

In the case cited of Pitts *v.* Parker, 44 Miss., 247, the original vendor had no interest whatever in the debt for the purchase money. See p. 250 of the volume. He had been paid in full. But in this case the vendor has not been paid; the transaction set up was not a payment.

There is no hardship. Mrs. McLain took the land as an advancement, subject to the lien. Tiernan *v.* Thurman, 14 B. Mon., 277 ; 4. Kent, 154, note 3.

Simrall, C. J., delivered the opinion of the court.

Webb and wife sold to Jesse Thompson certain lots of ground in the town of Brookhaven, for $2,500, but made no deed. Shortly afterwards Thompson bargained to sell the same lots to McLain for $2,250, half of which was paid down. At the request of McLain the deed was made to his wife directly from Webb and wife, and McLain gave his note for the balance of the purchase money.

McLain died, leaving a balance of over $800 unpaid on his note. After his death his widow, Nancy McLain, on the representation of Thompson, " that the land was bound for the balance of the purchase money," took up her husband's note and substituted her own. This note being past due and unpaid, Thompson brought his bill in chancery against Mrs. McLain, claiming against her a vendor's lien on the land.

The question is whether in these circumstances the claim is well founded. If the transaction stood in its original form, as it was at the time of McLain's death, there is no doubt that the lien would be implied.

Thompson was the real vendor, and for convenience merely the deed came directly from Webb and wife. Mrs. McLain was the appointee of her husband—the recipient of the title as a volunteer, constituted such by her husband.

She parted with nothing of value, and does not hold the title as a *bona fide* purchaser.

She occupies by substitution the same place and relations towards Thompson as her husband assumed in the negotiation, and has no better equity against the demand of Thompson than her husband would have had if the conveyance had been made to him. Upshaw et ux. *v.* Hargrove, 6 S. & M., 291, 292; Campbell *v.* Henry et al., 45 Miss., 329, 330.

Mrs. McLain took the land as an advancement from her husband, charged with the equity in favor of Thompson. This lien on the estate continued so long as it remained in the hands of the vendee, and those who might take by assignment from her with notice.

At the time Thompson applied to her for her note the land was still incumbered with the equity, and the note was demanded and given on the recognition by Mrs. McLain that her estate was bound for the balance of the purchase money.

If she had admitted the justice of the claim, and had made a verbal promise that if indulged she would pay the debt and relieve the land, surely that would not have weakened the right of Thompson. Nor is he placed in a worse predicament if she gives a written promise to pay the debt. The equity arises, although there was not originally any special agreement for the purpose. 2 Sug. on Vend., 375, 376, top page.

When the parties made the negotiation Thompson had a lien on the land. Mrs. McLain conceded that it was thus

incumbered, and promised in writing to pay the debt at a future day.

Instead of the arrangement having been gone into for the purpose of waiving or abandoning the lien, it was acknowledged to be operative, and indulgence was given to discharge it.

The real transaction was this : Thompson owned a debt, which was secured by a lien on the land. Mrs. McLain owned the land subject to this incumbrance. She agreed, if Thompson would give her time, she would discharge the lien by payment of the debt, and thus disincumber her property. Undoubtedly she could have paid off the debt to Thompson, and obtained reimbursement out of the personal assets of her husband.

The arrangement consummated gives her the same right.

Let the decree be affirmed.